IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BENJAMIN APONTE-CRUZ

Petitioner

vs                                                    CIVIL 08-1445CCC

UNITED STATES OF AMERICA

Respondent

## OPINION AND ORDER

Benjamín Aponte-Cruz ( "Petitioner") has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence (**docket entry 2**) pursuant to 28 U.S.C. §2255 on grounds of ineffective assistance of counsel.  Petitioner concedes that his motion is time barred but argues that the same should be tolled because his attorney lied to him as to the status of his appeal, resulting in his inability to prepare the §2255 motion.  He admitted, however, that in October 2006 counsel put him on notice that the Court of Appeals had affirmed his conviction.[1]  The denial of a motion for reconsideration and the term to appeal to the Supreme Court stretched  petitioner's term to file his §2255 motion until December 11, 2007.

Notwithstanding, Aponte-Cruz did not mail this motion until April 1, 2008.   In responding to the motion, the United States argues that the motion is time barred because the one-year statute of limitations expired more than three months before it was filed.

---

[1]Aponte-Cruz states at page 13, ¶18 of his motion, with regard to the timeliness of the motion:  . . . "My next phone call was on October 2006. . . [I] also requested for the 'status of my case....  [H]e says the court decided to deny my case after all this time, but he would be presenting other allegations to the court of Boston.  But my Mandate was on Aug.15, 2006."  Further on in the same section, Petitioner states, "I also sent a letter to the Appeal Court clerk office . . . and on Aug. 28, 2007, the clerk mailed me a copy of the decision."

CIVIL 08-1445CCC                                    2

## I. BACKGROUND

On June 20, 2001, 2002, petitioner was charged in a six-count second superseding indictment with one count of conspiracy to possess with intent to distribute various drugs in violation of 21 U.S.C. §846 (Count One); one count of conspiracy to possess, carry and use firearms during and in relation to a drug trafficking offense in violation of 18 U.S.C. §924(o) (Count Two); and one count of possession, carrying and using of firearms during and in relation to a drug trafficking offense in violation of 18 U.S.C. §924(c)(1) (Count Three).

On July 11, 2002, petitioner pled guilty pursuant to a Plea Agreement under Fed.R.Crim.P. 11(c)(1).  During the Rule 11 hearing, the district court addressed petitioner in open court and inquired regarding his understanding of all of his constitutional rights, factual basis and voluntariness of his plea.  The Court sentenced petitioner to one hundred and eighty-eight (188) months of imprisonment as to Count One and to a consecutive term of sixty (60) months as to Count Three, for a total of two hundred and forty-eight (248) months (Cr. Docket Entry 962).  It also imposed a supervised release term of five (5) years as to Count One and three (3) years as to Count Three, to be served concurrently (Cr. Docket Entry 962).  Judgment was entered February 4, 2003 (Cr. Docket Entry 962).  On appeal, he challenged the calculation of his sentence.  The First Circuit affirmed his sentence, holding that the district court was entitled to rely upon a defendant's stipulation as to drug quantity in determining the appropriate sentence.  See United States v. Aponte-Cruz, Appeal No. 03-1226 (1st Cir. July 18, 2006).  On September 12, 2006, Aponte-Cruz' Petition for Rehearing and Petition for Rehearing en banc were denied.  Petitioner did not file a petition for a writ of certiorari.  Accordingly, for statute of limitations purposes, Petitioner's judgment of conviction became final on December 11, 2006[2], ninety days after the petition

---

[2]In its brief in opposition, the Government incorrectly points out to November 13, 2006 as the date when judgment became final.  Actually, Petitioner's conviction became final for purposes of the one-year limitations period ninety (90) days after the First Circuit denied on September 12, 2006 the Petition for Rehearing and Petition for Rehearing en banc. The ninety days expired on

CIVIL 08-1445CCC                                    3

for rehearing was denied.  See Clay v. United States, 537 U.S. 522, 524-25, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); see Sup.Ct. R. 13(3).  He was required to file his §2255 petition within one year of that date.  Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 was placed in the prison mail on April 1, 2008, well-beyond the requisite statute of limitations (Docket entry 2).


## II. DISCUSSION

### A. The Statute of Limitations

Section 2255(f), as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), provides for a one-year statute of limitations as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Unless one of the exceptions  provided in §2255(2)-(4) apply, the statutory period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255(1).  Aponte-Cruz' judgment of conviction became "final" for purposes of §2255(1) on

_____

December 11, 2006, the date in which judgment became final. While the government misstated the date of finality of judgment, timeliness argument is still valid.

CIVIL 08-1445CCC                              4

December 11, 2006, the date on which the  time for filing a timely petition for certiorari review expired.  See, Clay v. United States, 537 U.S. 522, 532 (2003), ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.")

Petitioner's §2255 motion submitted on April 1, 2008, almost one year and four months following finality of judgment, was untimely filed.  Aponte Cruz' claim cannot be saved by the doctrine of equitable tolling.[3]  The burden of establishing entitlement to equitable tolling rests with the petitioner.  Drew v. Dep't of Corrs, 297 F.3d 1278 (11th Cir. 2002).  He has not shown any justification constituting "extraordinary circumstances" that would warrant equitable tolling.  See, United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th  Cir. 1998)). Such circumstances exist if "the petitioner has, 'in some extraordinary way . . . been prevented from asserting his or her rights.'"  Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir.1998).  Petitioner has acknowledged that by October 2006 he was aware that his sentence had been affirmed on appeal, and requested a copy of the decision from the Court of Appeals several months before the period to file the §2255 motion expired.  He has not demonstrated that he exercised reasonable diligence in seeking relief.  Cordle v. Guarino, 428 F.3d 46 (1st Cir. 2005), (equitable tolling was not warranted in light of petitioner's lack of diligence in pursuing relief).  Furthermore, Petitioner's pro se status does not merit equitable tolling, see Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); Marsh v. Soares, 223 F.3 1217, 1220 (10th Cir. 2000), (neither inmate's ignorance of the law nor inadequacy of services of inmate law clerk who helped draft his habeas petition entitled petitioner to equitable tolling of the limitations period).

---

[3]The First Circuit has yet to decide the question whether §2255 is subject to equitable tolling.  Cf. Libby v. Magnusson, 177 F.3d 43, 48 n. 2 (1st Cir. 1999) (reserving the question whether §2244(d)(1), which applies to post-conviction motions filed by state prisoners, is subject to equitable tolling).

CIVIL 08-1445CCC                                  5

III. CONCLUSION

For the above-stated reasons, Benjamín Aponte-Cruz' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (**docket entry 2**) is DENIED as untimely filed and is, therefore, DISMISSED with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on May 21, 2009.


                                        S/CARMEN CONSUELO CEREZO
                                         United States District Judge